FILED
U.S. District Court
District of Kansas

FEB 26 2025

Clerk, U.S. District Court
By J Road Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA

Plaintiff,

v.

EURIEL TALAVERA,

Defendant.

Case No. 6:24-cr-10014-JWB-03

**PLEA AGREEMENT PURSUANT TO FEDERAL**
**RULE OF CRIMINAL PROCEDURE 11(c)(1)(C)**

The United States of America, by and through Assistant United States Attorneys Molly Gordon and Matt Treaster, and Euriel Talavera, the defendant, personally and with his counsel, Mark Sevart, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 of the Third Superseding Indictment charging a violation of 21 U.S.C. § 846, that is, Drug Conspiracy (Fentanyl). By entering into this plea agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Third Superseding Indictment to which he has agreed to plead guilty is not less than 10 years of imprisonment and not more than Life, a $10,000,000 fine, not less than 5 years of supervised release, and a $100.00 mandatory special assessment.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

Around December of 2022, agents of the FBI, DEA, IRS and Homeland Security, along with officers of the Wichita Police Department, Sedgwick County Sheriff's Department, opened an investigation into the drug trafficking activities of a Drug Trafficking Organization (DTO) sourced and controlled out of Mexico through a narcotics hub based in Phoenix, Arizona and on to Wichita, Kansas. As part of the investigation, a wiretap and a renewal wiretap were obtained for Euriel Talavera and another co-defendant.

The investigation revealed that members of the DTO would travel from Wichita, Kansas to Phoenix, Arizona every few weeks to pick up drugs to deliver back to Wichita, including Fentanyl pills and Methamphetamine. Talavera and others would then distribute or facilitate the distribution of large amounts of fentanyl and methamphetamine. Talavera would also regularly stay in contact with contacts of the drug organization in Mexico.

As part of this conspiracy, beginning on a date unknown and continuing through February 21, 2024, Euriel Talavera, the defendant, came to an agreement with one or more people charged in this conspiracy to knowingly distribute controlled substances in Wichita, Kansas.

As an example, on January 31, 2024, the defendant helped to arrange the transfer of 160,000 fentanyl pills from Richard Oral Mathie to Jonathan Gutierrez-Diaz. Those pills were then to be delivered to the defendant in Wichita, Kansas for subsequent distribution. If the fentanyl had not been seized by law enforcement, then Talavera, along with other members of the conspiracy, had intended to distribute at least a portion of them.

The investigation revealed that from approximately 2019 through February 2024, the defendant utilized proceeds derived from his illegal narcotics trafficking to purchase a 2020 Dodge Charger VIN: 2C3CDXGJ2LH148194, a 2019 Ford Escape VIN: ~~2C3CDXGJ2LH148194~~, and a "YFN Plugged in" diamond pendant while his reported income was approximately $15,447.88 from 2014-2023. The defendant titled these vehicles under his parents' name, Samuel and Belen Talavera, who did not have the financial means to purchase the vehicles. Furthermore, he used these vehicles to facilitate and promote his drug activity.

1FMCU9GD7KUB 0904 M.S. ET MMG

In a video post from May 2020 the defendant is seen gifting the 2019 Ford Escape, to his mother Belen Talavera. The Ford Escape was titled to both of defendant's parents, but the source of funds could not be traced back to them. The defendant used the Ford Escape to distribute controlled substances on December 3, 2023, and December 22, 2023 in Wichita, KS.

> The 2020 Dodge Charger, titled to Samuel Talavera, was purchased with $23,000 cash but the source of funds could not be traced back to him. The defendant used the Dodge Charger to distribute controlled substances on December 3, 2023, and December 22, 2023 in Wichita, KS.
>
> Additionally, the defendant used the 2017 Mercedes Benz VIN: 55SWF8HB4HU205278, during a controlled buy on December 29, 2022. The vehicle was also used by the defendant to distribute controlled substances in January, March and May of 2023 in Wichita, KS.

3. **<u>Proposed Rule 11(c)(1)(C) Sentence.</u>** The parties propose, as an appropriate disposition of the case:

(a) 180-240 months in prison on Count 1, 21 U.S.C. § 846;

(b) 5 years of supervised release;

(c) no fine; and

(d) the mandatory special assessment of $100.00.

The Court has previously designated this case as complex, pursuant to Title 18, U.S.C. § 3161(h)(7)(B)(ii), because of the substantial number of defendants and the nature of the prosecution. This case charges two separate conspiracies, one involving fentanyl and the other involving methamphetamine, and multiple counts involving substantial quantities of controlled substances and firearms. The parties believe the requested range of 180-240 months is appropriate because it recognizes this defendant's role in the fentanyl conspiracy which was superior to the other members of the conspiracy. In addition, the parties seek this binding plea agreement as an appropriate disposition of the case, because if the Court permits itself to be bound by the proposed sentence, it brings certainty to the sentencing process; it assures that the defendant and the government will benefit from the bargain they have struck; it serves the interests of justice; and it assures a sentence consistent with the sentencing factors of 18 U.S.C. § 3553(a).

If the Court does not agree with the sentence, the defendant and United States may be restored to the positions they maintained prior to reaching this plea Agreement. This plea agreement centers on the defendant's agreement to enter his guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, defense, United States Probation Office, United States Marshals' Service and other law enforcement resources.

4. **Application of the Sentencing Guidelines.** The parties are of the belief that the proposed sentence does not offend the advisory sentencing guidelines. Because this proposed sentence is sought pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States agrees to:

(a) dismiss the remaining counts of the Third Superseding Indictment, Second Superseding Indictment; the Superseding Indictment and the Indictment at the time of sentencing; and

(b) not file any additional charges against the defendant arising out of the facts forming the basis for the present Third Superseding Indictment.

6. **Consequences for Violating the Plea Agreement.** The United States' obligations under this plea agreement are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this plea agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this plea agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this plea agreement's terms, this plea agreement will be deemed null and void, and the United States may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this plea agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this plea agreement.

7. **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed plea agreement and sentence. It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

8. **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.** If the Court agrees to be bound by the proposed plea agreement and sentence, the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea. If the Court announces that it will NOT be bound by the proposed plea agreement, the parties agree that at that time either party may withdraw the proposed plea agreement, and if either does so, then all parties will be restored

to the positions they were in prior to the entry of the defendant's plea. If neither party elects to withdraw the proposed plea agreement at the time the Court announces that it will not be bound, and before the Court proceeds with sentencing, then the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea.

9. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

10. **Forfeiture of Assets.** The defendant agrees to the forfeiture of the following property to the United States: (1) a 2020 Dodge Charger, VIN: 2C3CDXGJ2LH148194; (2) a 2019 Ford Escape, VIN: 1FMCU9GD7KUB0904; (3) a 2017 Mercedes C-Class, VIN: 55SWF8HB4HU205278; and (4) a "YFN Plugged In" pendant. The defendant agrees that this property was used to facilitate and/or property that constitutes proceeds the defendant obtained, directly or indirectly from the commission of Count 1. The defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal and equitable defenses to the imposition of a forfeiture judgment and to the forfeiture of the property listed herein and withdraws any administrative claim or petition for remission regarding the property.

The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of his sentence or this agreement and shall not be treated as satisfaction of

any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

11. **Identification of Assets and Agreement Concerning Monetary Penalties.** In order to facilitate the collection of criminal monetary penalties, including restitution, fines, and assessments, to be imposed in connection with this case, defendant agrees as follows:

(a) Payments toward anticipated criminal monetary penalties made prior to sentencing will be held by the Court Clerk and then applied to the criminal monetary penalties following entry of the Judgment in a Criminal Case. If the amount paid prior to sentencing exceeds the amount ordered at sentencing, the United States Attorney's Office will request language to be included in the Judgment in a Criminal case to authorize the Court Clerk to refund any overpayment to defendant. Payments made prior to sentencing can be sent to the following address and should reference defendant's name and case number:

Clerk, U.S. District Court
401 N. Market, Room 204
Wichita, Kansas 67202

(b) Defendant agrees not to encumber, transfer, or dispose of any monies, property, or assets under defendant's custody or control of more than $2,000 in value, without written approval from the United States Attorney's Office.

(c) Within 30 days of any request by the United States Attorney's Office, defendant agrees to execute a financial statement and provide supporting documentation. Defendant expressly authorizes the United States to obtain a credit report before sentencing. Further, defendant agrees to execute authorizations for the release of all financial information requested by the United States.

(d) Defendant agrees the United States Attorney's Office may, pursuant to F.R.Civ.P. Rule 45, subpoena any records it deems relevant to conduct a full financial investigation of defendant's assets prior to sentencing.

(e) Defendant authorizes the United States to file a Notice of Lis Pendens prior to judgment on any real property in which defendant holds an ownership interest.

(f) Defendant agrees that all information defendant provides to the United States Probation Office or independently obtained by the United States Probation Office may be provided to the United States Attorney's Office. Likewise, all information defendant provides to the United States Attorney's Office or independently obtained by the United States Attorney's Office in the course of its financial investigation of defendant may be provided to the United States Probation Office.

(g) All monetary penalties (including any fine, restitution, assessment, or forfeiture judgment) imposed by the Court, will be due and payable immediately and subject to immediate enforcement by the United States. Any payment schedule set by the Court is a minimum schedule of payment and not a limitation on the United States to enforce the judgment.

(h) Defendant waives any requirement for demand of payment on any criminal monetary penalties or forfeiture judgment entered by this Court.

(i) Defendant waives the administrative requirements of the Treasury Offset Program, including the requirement of default.

(j) If defendant posted funds as security for defendant's appearance in this case, the defendant authorizes the Court to release the funds posted the Court Clerk to be applied to the criminal monetary impositions at the time of sentencing.

(k) Defendant understands he has an obligation to notify the court and the United States Attorney's Office of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution pursuant to 18 U.S.C. § 3664(k).

(l) Defendant understands that failure to comply with the provisions of this section may constitute a breach of this plea agreement, as outlined in Paragraph 6, above.

12. **<u>Waiver of Appeal and Collateral Attack.</u>** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by

the parties under Rule 11(c)(1)(C). The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court imposes a sentence in excess of the sentence recommended by the parties under Rule 11(c)(1)(C). However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

13. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

14. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney

takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

15. **Parties to the Agreement.** The defendant understands this plea agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

16. **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this plea agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the plea agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this plea agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that he is entering into this plea agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

[signature] Date: 2/26/2025
MOLLY GORDON
Assistant United States Attorney

[signature] Date: 2/25/2025
AARON L. SMITH
Chief of the Criminal Division

EURIEL TALAVERA
_______________________________
EURIEL TALAVERA
Defendant

Date: 2/26/25

_______________________________
MARK A. SEVART
Counsel for Defendant

Date: 2/26/25