IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 24-cr-10014-012-JWB |
| | ) | |
| HIEU KEVIN NGUYEN, | ) | |
| aka HEIU KEVIN NGUYEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT NGUYEN'S SENTENCING MEMORANDUM**

The defendant, Hieu Kevin Nguyen, by and through his court-appointed attorney, Paul S. McCausland, pursuant to Fed. R. Crim. P. 32 and Local Rule CR32.1(c), requests the Court to impose a sentence of five years probation with a substantial fine and community service, a variance from the Guideline range applicable in this case.[1] Mr. Nguyen entered a plea of guilty on April 3, 2025 to Count 1 of a Superseding Indictment, use of a telephone to facilitate a drug trafficking offense, a violation of 21 U.S.C. §843(b). (Docs. 239, 241, 242). Mr. Nguyen's sentencing hearing is scheduled on July 3, 2025, at 9:30 a.m. The Plea Agreement provides the government will recommend a sentence at the low end of the applicable Guideline range, provided the defendant does not request a downward departure or a variance. (Doc. 243, ¶5(c). This memorandum requests

---

[1] The defense apologizes for the late filing of this memorandum. Defense counsel is retiring from the practice of law after 50 years at the end of this summer. He had to vacate his office because the lease expired on June 30. He is working from home during the interim period and just got his computer and printer hooked up and running yesterday after moving last week and over the weekend.

that the sentence include conditions of probation required by 18 U.S.C. §3563(a) and (b).

**I. The Presentence Investigation Report.**

As ordered by the Court, the U.S. Probation Office (USPO) conducted a presentence investigation and prepared a Presentence Investigation Report (PSIR). (Doc. 266). The USPO calculated the defendant's offense level using the 2024 Guidelines Manual, (PSIR ¶ 28). The Base Offense Level is 28. (PSIR ¶ 38. With acceptance of responsibility under U.S.S.G. §3E1.1(a) and (b) the Total Offense Level is 25. (PSIR ¶47).

The defendant has one prior conviction in 2014 for possession of a depressant, Alprazolam. His total criminal history score is 1. His criminal history category is I. (PSIR ¶¶ 50, 55, 56).

The Guideline imprisonment range is 57 to 71 months. However, the statutorily authorized maximum sentence is 48 months. Therefore, the guideline range is 48 months. (PSIR ¶ 114).

The defendant is eligible for not less than one nor more than five years of probation because the offense is a Class C Felony. 18 U.S.C. §3561(c)(l). One of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service. (PSIR ¶ 118). Since the applicable guideline imprisonment range is in Zone C of the Sentencing Table, the defendant is ineligible for probation under the Guidelines. USSG §5Bl.1, comment (n.2). (PSIR ¶ 118).

## II. A Downward Variance Is Reasonable.

The defendant believes probation is appropriate in his case as a downward variance under the sentencing factors in 18 U.S.C. §3553(a). When a court detracts from the recommended range through application of §3553(a) factors, the decrease is a "variance." *United States v. Atencio*, 476 F.3d 1099, 1101 n. 1 (10th Cir.2007). A variance is based entirely on the sentencing court's discretionary authority, as long as the court justifies its sentence based on the §3553(a) factors. *United States v. Barnes*, 890 F.3d 910, 920 n. 1 (10th Cir. 2018). While the guidelines remain "the starting point and initial benchmark" in sentencing, the Court may determine that a sentence outside of the guidelines framework is warranted based upon the statutory sentencing factors found at 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 49 (2007); *Rita v. United States*, 551 U.S. 338, 344 (2007). The sentencing court must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, explaining any variance from the former with reference to the latter. *Nelson v. United States*, 555 U.S. 350, 129 S.Ct. 890 (2009).

A variance from the Guidelines must be substantively reasonable given all the circumstances of the case in light of the statutory sentencing factors. The defense has not located a Tenth Circuit or District of Kansas legal precedent for the variance requested herein. A recent Tenth Circuit decision discusses the need for a variance to be procedurally and substantively reasonable and provides guidance for

meeting those requirements. *See United States v. Cookson*, 922 F.3d 1079 (10th Cir. 2019). A major variance from the Sentencing Guidelines should be supported by a more significant justification than a minor one; however, the court need not afford equal weight to each statutory sentencing factors. A sentence is more likely to be within the bounds of reasonable choice when the court has provided a cogent and reasonable explanation for it. *Id.*

A variance of probation is substantively reasonable in this case considering the nature and circumstances of the offense and the defendant's characteristics and criminal history. The offense in this case is an aberration in the life of Mr. Nguyen. He is not a career offender. He does not have any history of drug trafficking. His only prior conviction was for a simple possession of a depressant, two Alprazolam pills, in 2014. (PSIR ¶ 50).

Mr. Nguyen will explain at the sentencing hearing that his conduct in this case was the result of a gross mistake in judgment and a lapse of moral responsibility based on greed and a desire to make a quick profit to benefit himself and his family. He recognizes his action was not only illegal—it was foolish. He has placed his life and his family in jeopardy. He has been gainfully employed at Textron Aviation since November 2021. (PSIR ¶¶ 98, 110). Although he has financial obligations and debts, if he is placed on probation and able to maintain his job, he will be able to pay a significant fine (e.g., a monthly payment of $250.00 would result in a total fine of $15,000 over five years). He also is willing and will be available to perform community service as determined by the Court.

The other §3553(a)(2) factors are considered here also. The proposed sentence will (A) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. Five years of supervised probation places significant restrictions on the freedom of an individual. The combination of supervision by U.S. Probation, with a fine and community service will afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant. Probation with required drug treatment and counseling and other standard and mandatory statutory conditions will allow the defendant to continue his job, with necessary vocational training for advancement by Textron, and allow him to provide medical care for himself and his family in the most effective manner. Probation will achieve the purposes of the sentencing factors required by 18 U.S.C. §3553(a).

**III. Alternatives**.

If the Court declines the defendant's request and decides to impose a term of imprisonment, the defendant makes two alternative requests. One, he requests that the Court to allow him to self-surrender at a time, date and location to be determined by the Bureau of Prisons. Two he requests the Court to recommend that the BOP designate him to serve his term at FCI El Reno in Oklahoma to facilitate family visitation and allow him to participate in vocational training programs at that facility.

Wherefore, the defendant Hieu Kevin Nguyen respectfully prays that the Court impose a sentence of five years probation with a fine and community service

for the reasons set forth above.

Respectfully submitted,

LAW OFFICE OF PAUL S. MCCAUSLAND
P.O. Box 780112
Wichita, Kansas 67278
Mobile: (316) 619-5874
mccauslaw@gmail.com

By: s/ Paul S. McCausland
Paul S. McCausland, KS # 08878
Attorney for Hieu Kevin Nguyen

## CERTIFICATE OF SERVICE

The undersigned counsel for defendant Jason Nguyen hereby certifies that, on this 1rst day of July 2025, I electronically filed the foregoing and its attachments with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record; and I provided a courtesy copy to Jeffrey Blessant, Senior U.S. Probation Officer via email.

s/ Paul S. McCausland
Paul S. McCausland, KS # 8878